IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tito Lemont Knox,<br>   Plaintiff,<br><br>vs.<br><br>Henry Herlong, Jr., *District Judge*,<br>Donald C. Coggins, Jr.,<br>*District Judge*, Greenville County<br>Police Commissioner, Dr. E. Tyner<br>*Psychologist*,<br><br>   Defendants. | Civil Action No. 0:23-cv-03697-TMC<br><br>**ORDER** |

  Plaintiff Tito Lemont Knox, a civilly committed detainee proceeding *pro se*, filed this civil action alleging violations of his constitutional rights.[1] (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

---

[1] Plaintiff failed to submit a full complaint form. *See* (ECF No. 1) (missing pages 10 and 11). The missing pages inquire as to whether Plaintiff has filed other lawsuits in state or federal courts dealing with the same facts involved in this action or otherwise relating to the conditions of his imprisonment. It is well established that the court may take judicial notice of matters of public record. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Thus, though Plaintiff failed to include this information in his complaint, the undersigned has taken judicial notice of his other cases and is aware of at least one other civil complaint Plaintiff filed regarding similar facts to those at issue here. *See Knox v. Graham*, Civil Action No. 0:23-cv-2317-TMC-PJG, dkt. entry 1 (D.S.C. May 30, 2023) (setting forth a number of allegations, including issues surrounding his medical treatment and the constitutionality of his current confinement, and requesting that he be released). Plaintiff also recently filed a petition and an amended petition for a writ of habeas corpus challenging his current confinement and raising some of the same issues raised in his civil complaints. *Knox v. Krueger*, Civil Action No. 0:23-cv-2811-TMC-PJG, dkt. entries 1, 7 (D.S.C. 2023).

73.02(B) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), finding the complaint is subject to summary dismissal and recommending that the undersigned dismiss this action without prejudice and without issuance and service of process. (ECF No. 12). Plaintiff was advised of his right to file objections to the Report, *id*. at 5, but Plaintiff did not file any objections within the time allotted.  However, Plaintiff filed a letter in response to the Report[2], (ECF No. 15), and this matter is ripe for review.

## BACKGROUND

Plaintiff alleges he has been subjected to torture in both state and federal institutions. (ECF No. 1 at 6).  He claims the Greenville County Detention Center gave him pills that were "electronics" and that caused blindness, holes in his eyes, an unusual vein to develop on his left arm and the left side of his neck, and a device on the left side of his head. (ECF Nos. 1 at 5; 1-1 at 8).  He asserts Springfield Medical Center has been manipulating these electronic devices to cause him nosebleeds.[3]  (ECF No. 1-1 at 8).  He also asserts these alleged devices have "prompt[ed] [him] to act out of character." *Id*.  Further, he contends Springfield Medical Center "shot chemical

---

[2] This letter is dated August 29, 2023, but it was not filed with the District Court until September 11, 2023. (ECF No. 15). However, it is difficult to decipher from the envelope when Plaintiff delivered this letter to the mailroom for delivery so as to calculate the filing date pursuant to *Houston v. Lack*, 487 U.S. 266 (1988). Accordingly, the court will address the arguments in the letter and consider them as objections to the Report.

[3] Plaintiff submitted a "Due Process Hearing Appeal Response" completed by Associate Warden S. Garland. (ECF No. 1-1 at 4). Plaintiff focuses on the language from this record that provides he was observed "responding to internal stimuli." *Id*.  According to Plaintiff, the only way he could have responded to internal stimuli is if "the Institution" had "been tapping in a coordinated response with other Government agencies."  (ECF No. 1-1 at 9).

The court notes this document also provides that the hearing officer, *who was a clinician independent of his primary clinician*, determined "involuntary medication is approved" and that "[w]ithout psychiatric medication, [Plaintiff is] a danger to [himself] and/or to others, present[s] a serious threat of damage of property affecting the security of the institution and [is] gravely disabled." *Id*.

2

gas in [his] cell", restrained him, and injected him with medication that can cause death.[4] (ECF No. 1-1 at 11). He indicated he is pursuing a § 1983 claim for the implementation of the electronic devices and a *Bivens* claim for being illegally incarcerated and forced to take medication that may cause death. (ECF Nos. 1 at 4; 1-1 at 9-10).

In his "sworn affidavits" accompanying his complaint, (ECF No. 1-1), Plaintiff also posits, among other things: he is being wrongfully committed (ECF No. 1-1 at 5-6); he was denied his constitutional right to appear for a hearing on February 22, 2023 (ECF No. 1-1 at 5; 7); Dr. Elizabeth Tyner fraudulently testified that Plaintiff refused to come out of his cell and that he was a danger (ECF No. 1-1 at 5); the government unconstitutionally placed conditions on his release in 2008 (ECF No. 1-1 at 7); the court violated his constitutional rights when construing an earlier petition for a writ of habeas corpus as a 4247(h) motion (*id.*); he was not evaluated by an outside psychologist (*id.*); and that, in addition to conducting experiments on him, the Greenville County Detention Center "out weigh[ed]" the illegal search and seizure of the firearm (ECF No. 1-1 at 8).

As injuries, Plaintiff indicated he was placed on an injection that can cause death. (ECF No. 1 at 6). He is seeking a hundred million dollars as well as punitive damages of $30,000 per month due to having to live with electronic devices and, thus, potentially having to experience a ransomware attack. (ECF No. 1 at 6). He is also requesting injunctive relief, "to be shipped away from this institution for medical malpractice," and to be released. (ECF No. 1-1 at 6; 9; 10).

On August 21, 2023, the magistrate judge issued her Report, concluding this case should be summarily dismissed without prejudice and without issuance and service of process due to it

---

[4] Plaintiff also submitted documentation on "Haloperidol Decanoate Injection" that provides the medication is used to treat schizophrenia and that "[t]here is a higher chance of death *in older adults **who take this drug for mental problems caused by dementia***." (ECF No. 1-1 at 1) (emphasis added).

3

being frivolous. (ECF No. 12). She explained "Plaintiff's allegations are generally fantastical, having no apparent basis in reality, and are nonsensical because they do not coherently explain what the case is about or why he is suing the named defendants." (ECF No. 12 at 3). She also found Plaintiff failed to explain how the named defendants were involved in his allegations and what relief he seeks from them.[5] *Id*.

In response, Plaintiff submitted a letter wherein he rehashes a number of his general statements from his complaint and sworn affidavits.[6] (ECF No. 15). Additionally, he disputes whether probable cause existed to conduct a warrantless search of his person. *Id*. at 1. He did not contest the magistrate judge's finding that his claims are frivolous; however, he did raise new allegations indicating that Judge Henry Herlong, Jr. and Judge Donald Coggins violated a "declaratory decree" in "prosecuting" this case and that Judge Coggins erroneously interpreted his petition for a writ of habeas corpus under 28 U.S.C. § 2241 as a discharge motion under 28 U.S.C. § 4247(h). (ECF No. 15 at 1; 3).

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

---

[5] The magistrate judge also warned Plaintiff that if her recommendation is adopted, a future court may find this action constitutes a strike under 28 U.S.C. § 1915(g). (ECF No. 12 at 4 n.1).

[6] Specifically, he again claims, among other things, forcing him to take medication without a court order is in violation of his constitutional rights (ECF No. 15 at 2); that he should not have been incarcerated past the 45-day evaluation period (*id*.); that he was not notified of the February 2023 hearing (*id*.); and that Dr. Tyner lied under oath (*id*.).

4

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that

5

"'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## DISCUSSION

As discussed, the magistrate judge issued her Report wherein she concluded this case should be summarily dismissed without prejudice and without issuance and service of process due to it being frivolous. (ECF No. 12). In his letter in response to the Report, Plaintiff does not dispute or object to the magistrate judge's finding that his claims are frivolous. Accordingly, this court must only review her recommendation for clear error. Having found no clear error, the court agrees with and wholly adopts the magistrate judge's finding and recommendation on this issue.

Additionally, the court notes Plaintiff brings this claim against U.S. District Judge Henry M. Herlong, Jr., U.S. District Judge Donald C. Coggins, Jr., Dr. E. Tyner, and the "Greenville County Police Commissioner." (ECF No. 1). However, Plaintiff failed in both his complaint and in his letter in response to the Report to raise any allegations against the Greenville County Police Commissioner beyond naming the position in the caption. Accordingly, Plaintiff has failed to set forth any cognizable claim against the Greenville County Police Commissioner.

As to Dr. Tyner, the only references Plaintiff makes in his filings concern vague allegations that he was not notified of the February 22, 2023 hearing and that Dr. Tyner testified fraudulently at that hearing about his mental state and his refusal to leave his cell to participate in his case. (ECF Nos. 1-1 at 5; 15 at 2). As an initial matter, to the extent Dr. Tyner was acting as a witness in his criminal proceedings, she is immune from suit under § 1983 for her testimony. *Briscoe v. LaHue*, 460 U.S. 325, 330 (1983). To the extent she was acting under color of law as an officer of

the court in her official capacity during such proceedings, Plaintiff cannot recover monetary damages from her for any alleged violations. Accordingly, Plaintiff has failed to state a cognizable claim for relief against Dr. Tyner.[7]

Finally, as to Judge Coggins and Judge Herlong, Plaintiff references an order from Judge Herlong directing that Plaintiff not be released until he is shown to not be a danger to himself or to others. (ECF No. 1-1 at 6). In his letter in response to the Report, Plaintiff also argues Judge Herlong and Judge Coggins violated a "declaratory decree" in "prosecuting" his case and that Judge Coggins erroneously interpreted his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a motion for discharge under 28 U.S.C. § 4247(h). (ECF No. 15 at 1; 3). Liberally construing these assertions as specific objections to the Report, the alleged actions Plaintiff takes issue with, e.g., the issuance of an order and the interpretation of an individual's filings, would have been taken in the judges' judicial capacity and there is no allegation that these federal district court judges lacked jurisdiction to perform them. Therefore, both Judge Coggins and Judge Herlong would have absolute judicial immunity from this suit. *See Mireles v. Waco*, 502 U.S. 9-11 (1991) (explaining a judge is immune from a suit concerning actions taken in their judicial capacity with jurisdiction).

---

[7] Furthermore, in so far as Plaintiff attempts to allege he had no notice of his February 22, 2023 hearing due in some part to Dr. Tyner, the court notes Plaintiff was represented by counsel at the time of such hearing, and counsel received electronic notice of the hearing in question. *United States v. Knox*, 6:06-cr-00269-DCC, dkt. entry 278 (D.S.C. Feb. 28, 2023). Moreover, the court allowed counsel time after the hearing to notify the court if Plaintiff wished to further participate. *Id.* at dkt. entry 283 (D.S.C. Feb. 22, 2023). However, despite further correspondence from counsel and Plaintiff, there was no indication Plaintiff wished to participate in his revocation proceedings. Therefore, even if Plaintiff's assertions regarding Dr. Tyner were true, he has failed to demonstrate how this deprived him of any constitutional right – as his attorney was given notice of the hearing and he was provided further opportunity to appear and respond, but he further refused to do so.

7

## CONCLUSION

Having reviewed the record, the Report, and Plaintiff's letter in response to the Report, the court agrees with and **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 12). Accordingly, Plaintiff's complaint is **DISMISSED** without prejudice and without issuance of process.

**IT IS SO ORDERED.**

                                                                            s/Timothy M. Cain
                                                                            United States District Judge

Anderson, South Carolina
November 8, 2023

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.